PRICE & LUCAS CIDER & VINEGAR CO. v. J. D. CARROLL.

(Decided May 2, 1899).

*Notary Public—Fees.*

The fees of Notaries Public are created and regulated by Statute. The Code, Sec. 3749, amended by Acts 1895, ch. 296, allows twenty-five cents for all services of protest, to which is to be added twenty-five cents additional for internal revenue stamp. For other services, not relating to protests, The Code, Section 3308, allows fifty cents.

CIVIL ACTION carried by appeal from Justices' Court of WAKE County to the Superior Court, and heard before *Brown*, J., at February Term, 1899, upon the following:

## CASE AGREED.

The parties to the above entitled action agree that the facts embraced therein are as follows, and respectfully submit the same for the judgment of the Court:

This action was, on Feb. 16, 1899, duly instituted before a Justice of the Peace, in and for the County and State aforesaid; on said date, before the Justice, there was a trial and judgment for plaintiff, and an appeal by defendant to this Court, and on February 16, 1899, said appeal was duly docketed in this Court.

The controversy in this action arose as follows:

On October 15, 1898, defendant drew and forwarded to plaintiff a check on the Citizens National Bank, of Raleigh, N. C., for $15.00, which, in the usual course of business, was forwarded for payment, and was endorsed by plaintiff, by Price & Lucas, and by Farmers and Drovers Bank, of Louisville, Ky., all of said endorsers and the payee being non-residents of this State.

On October 21, 1898, said check was presented for payment to the said Citizens National Bank, and was duly protested for non payment by Frank P. Haywood, Jr., a Notary Public, in words and figures as follows, to-wit:

UNITED STATES OF AMERICA,
    State of North Carolina.

"On this, the 21st day of October, in the year of our Lord one thousand eight hundred and ninety-eight, at the request

of H. E. Litchford, Cashier, in the city of Raleigh, N. C., I, F. P. Haywood, Jr., Notary Public, duly admitted and sworn, dwelling in the city of Raleigh, presented the original check (which is hereto attached) for payment (to) at Citizens National Bank, and received for answer "no funds," which being unsatisfactory, I then, by letters addressed to the drawers and endorsers, under cover to J. W. Nichols, Cashier, J. D. Carroll and Citizens National Bank, did notify them of the default aforesaid. Whereupon, I, the said Notary, at the request aforesaid, did *protest,* and by these presents do publicly *protest,* as well against the drawer, drawee and endorsers of the said check, as against all others whom it doth or may concern, for exchange, reexchange and all costs, damages and interest already incurred, and to be hereafter incurred for want of payment of the said check.

*In testimony whereof,* I have hereunto set my hand and affixed my Notary seal of office, this 21st day of October, 1898.

(Signed)                    FRANK P. HAYWOOD, JR.,
                                        *Notary Public."*

On the back of which said protest was written the following:

"Protest of a check on Citizens National Bank—

Amount ........ ..................... $ 15.00

Charges, notices, tax, seals, etc. ............    2.29

                                        $ 17.29"

And thereto were affixed and cancelled Internal Revenue Stamps to the amount of twenty-five cents.

Afterwards, to-wit, on January 9, 1899, defendant paid $5 to plaintiff on account of said check, but not on account of said protest charges.

Plaintiff has brought this action to recover the balance of $10 due on said check and the said $2.29 protest charges, together with interest from October 21, 1898.

Defendant admits his liability to judgment for $10, the balance due on said check, together with interest thereon from October 21, 1898, but he denies his liability to pay said protest charges amounting to $2.29, and alleges that said charges are unlawful and excessive; that a proper charge in this case, would, under the law, be twenty-five cents, and such sum he is willing to have included in the judgment against him.

Wherefore, the parties to this action pray the Court to render judgment for the sum above admitted to be due, together with such protest charges as the law allows under the facts above set out.

PERRIN BUSBEE,
*Attorney for Plaintiff.*
ALEX. J. FIELD,
*Attorney for J. D. Carroll, Defendant.*

*Judgment.*

This cause, coming on for trial upon the agreed statement of facts, after careful consideration of the facts and argument of counsel, the Court doth adjudge that plaintiff recover of defendant the sum of ten and 50-100 dollars, with interest from October 21, 1898, together with the cost of this action to be taxed by the Clerk. Of the above sum, the sum of fifty cents is the amount adjudged to be the proper amount of protest charges in this case.

G. H. BROWN, JR.,
*Judge.*

The plaintiff appeals from the foregoing judgment and assigns as error the following:

His Honor erred in allowing only fifty cents to cover the

Notary Public's charges, of which twenty-five cents only is for his fee and twenty-five cents is to cover the Internal Revenue tax.

*Perrin Busbee,* for appellant.
*A. J. Feild,* for appellee.

FURCHES, J.    The defendant, in October, 1898, drew and forwarded to plaintiff his check on the Citizens National Bank of Raleigh, for $15.00.    On the 21st of October, this check was duly presented and protested for non-payment.    The Notary Public charged as fees for said protest $2.29, and this action is brought to recover the amount due on said check, and the $2.29 charged by the notary public for said protest. The defendant admits the balance claimed to be due on the check, but denies that he is liable for $2.29, the amount claimed for the protest.    On the trial in the Justice's Court the plaintiff recovered judgment for the full amount due on the check, and $2.29, the amount claimed for the protest.    The defendant appealed from this judgment to the Superior Court, where the case was heard upon a case agreed, the facts being substantially the same as stated above.    The Superior Court held that plaintiff was only entitled to recover 25 cents, as a fee for the protest, and 25 cents for an Internal Revenue stamp, which it was necessary for the Notary to use in making the protest, and rendered judgment accordingly for the plaintiff, from which the plaintiff appealed to this Court.

The fees of Notaries Public are created and regulated by statute.    Section 3749, of The Code, fixed the fees of a Notary Public, for all services of a protest at $1.00.    But the Acts of 1895, Chapter 296, amended Section 3749, by striking out *one dollar* and inserting *twenty-five cents* instead thereof.

It is claimed in the brief of the plaintiff that the Notary is allowed fifty cents under Section 3308 of The Code; that the Act of 1895 does not refer to nor repeal this Section, and that plaintiff is at least entitled to seventy-five cents for the protest, twenty-five cents for the Internal Revenue stamp, and eight cents postage, making $1.08.

We agree with the plaintiff, that the Act of 1895 does not refer to nor repeal Section 3308 of The Code, but we do not agree with the plaintiff that a Notary Public has the right to charge fifty cents or any other sum, under Section 3308 of The Code, for protest services.   His pay for this service is fixed by Section 3749 of The Code, as amended by the Act of 1895.   Section 3308 of The Code applies to other services rendered by a Notary Public than those for protesting a paper for non-payment or non-acceptance;   such as   taking   the acknowledgment, or probate of a deed or other legal instrument.

The judgment of the Court below is affirmed.
Affirmed.